IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED ABUNAW          :

   v.                :   Civil Action No. DKC 13-2746

                       :

PRINCE GEORGE'S CORRECTIONS
DEPARTMENT, et al.     :

**MEMORANDUM OPINION AND ORDER**

On September 17, 2013, Plaintiff Alfred Abunaw, proceeding *pro se*, commenced this action against Defendants Prince George's Corrections Department and Prince George's Police Department, alleging federal civil rights violations related to his arrest at a Wells Fargo Bank branch on September 12, 2013, and his subsequent detention. (ECF No. 1). Plaintiff was directed to supplement his complaint to "include the names of individuals whom he claims are responsible for the alleged wrongdoing and a statement regarding the status of criminal charges resulting from his arrest." (ECF No. 2, at 1). He responded on September 25 by filing an amended complaint naming the two arresting officers and stating that charges were pending in the District Court of Maryland for Prince George's County.[1] On January 10, 2014, the court issued an order directing the clerk to amend the

---

[1] Publicly available records reflect that Plaintiff was charged with failure to obey a lawful order and disorderly conduct and that both charges were placed on a stet docket on November 18, 2013.

docket to add the arresting officers as defendants and to issue summonses.  Summonses were issued on the same date and Plaintiff subsequently filed proof of service with respect to Defendants Prince George's Corrections Department and Prince George's Police Department.  No proof of service has yet been filed as to the arresting officers.

On January 28, Plaintiff filed the pending motion for leave to amend his complaint, seeking to add as defendants Wells Fargo Bank and the branch manager at the location where Plaintiff was arrested, Pedro Campus.  Plaintiff alleges that Mr. Campus "filed the false police report that led to [Plaintiff's] false arrest" and that he "claimed to have asked [Plaintiff] to leave the bank, but he never did."  (ECF No. 9, at 1).  Plaintiff further asserts that, prior to the confrontation with Mr. Campus, he was speaking with another bank employee whom he believes has "an issue" with Plaintiff's "ethnicity" based on prior interactions.  (*Id.*).  Specifically, he references a prior incident in which he was asked to show "documentation to prove that [he] was an American citizen" and this employee questioned the validity of his passport and the status of his citizenship. (*Id.* at 1-2).

Where, as here, a complaint has previously been amended, a motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2).  That rule provides, in relevant part, that

2

"[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Denial of such a motion is proper only where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal marks and citation omitted). "An amendment is futile when the proposed amendment is clearly insufficient on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012).

While Plaintiff does not identify a federal statute pursuant to which he seeks to bring his claims against Wells Fargo and Mr. Campus, the only apparent candidate is 42 U.S.C. § 1981, which "prohibits racial discrimination in the making and enforcement of contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). For purposes of § 1981, the Supreme Court has broadly construed the term "race," finding that Congress intended to "protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Although "discrimination based on ancestry or ethnic characteristics" is protected under § 1981, "discrimination based on birthplace

3

alone" is not. *Id*. at 614 (Brennan, J., concurring; internal emphasis removed; internal marks omitted). Thus, "where a plaintiff's allegations reference only his place of origin and do not focus on specific ethnic characteristics associated with that place of origin, the broad construction of race under § 1981 does not apply." *Akinjide v. University of Maryland Eastern Shore*, Civ. No. DKC 09-2595, 2011 WL 4899999, at *8 (D.Md. Oct. 13, 2011).

Plaintiff asserts in his motion for leave to amend that "[t]he basis of this case is ethnicity" (ECF No. 9, at 2), but the facts set forth in his proposed amended complaint relate entirely to the status of his citizenship or national origin. *See Quraishi v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, Civ. No. CCB-13-10, 2013 WL 2370449, at *2 (D.Md. May 30, 2013) (plaintiff's allegations that managers "mimicked her accent" was "indicative of, if anything, national origin discrimination, which is not covered under § 1981"); *Saleh v. Univ. of Va.*, No. Civ.A. 3:97-CV-460 R, 1999 WL 34798179, at *18 (E.D.Va. Feb. 25, 1999) (finding statements about plaintiff's birthplace and accent "indicative only of foreign-born/national origin discrimination"); *Akinjide*, 2011 WL 4899999, at *9 (finding § 1981 claim could not be sustained where the complaint "never references any ethnic characteristics

4

associated with [the plaintiff's national] origin").[2] Thus, even assuming that the discriminatory animus purportedly demonstrated by another employee on a prior occasion motivated Mr. Campus' call to the police on the date in question – and that it interfered with Plaintiff's right to contract with Wells Fargo – the record does not support that this discrimination was based on Plaintiff's racial or ethnic characteristics.  Because Plaintiff's claim of national origin discrimination could not survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), permitting amendment would be futile.

Accordingly, it is this 3rd day of February, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion for leave to amend filed by Plaintiff (ECF No. 9) BE, and the same hereby IS, DENIED; and

2.  The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiff.

                                                     _____/s/_____
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge

---

[2] The facts set forth in the original complaint have nothing to do with Plaintiff's race, ethnicity, or national origin. Rather, Plaintiff alleges unlawful arrest and related civil rights violations against governmental entities and personnel in violation of 42 U.S.C. § 1983.