IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALFRED ABUNAW | : | |
| | : | |
| v. | : | Civil Action No. DKC 13-2746 |
| | : | |
| PRINCE GEORGE'S CORRECTIONS DEPARTMENT, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are the motions to dismiss filed by Defendants Prince George's Police Department and Prince George's Corrections Department (ECF No. 12), and by Defendants Officer Perret and Officer Rustin. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions will be denied.

**I.   Background[1]**

Plaintiff alleges that he was subject to federal civil rights violations related to his arrest at a Wells Fargo Bank branch on September 12, 2013, and his subsequent detention. On September 17, 2013, Plaintiff, proceeding *pro se*, filed a complaint in this court naming as Defendants Prince George's

---

[1] The following facts are set forth in the complaint (ECF No. 1), and Plaintiff's amendment, which he states "does not replace the original complaint," but merely supplements it. (ECF No. 3).

Police Department and Prince George's Corrections Department. (ECF No. 1). Plaintiff was directed to supplement his complaint to "include the names of individuals whom he claims are responsible for the alleged wrongdoing and a statement regarding the status of criminal charges resulting from his arrest." (ECF No. 2). He responded on September 25 by filing an amended complaint naming the two arresting officers - Defendants Perret and Rustin - and stating that charges were pending in the District Court of Maryland for Prince George's County.[2] On January 10, 2014, the court issued an order directing the clerk to amend the docket to add Officers Perret and Rustin as defendants and to issue summonses, which were prepared and issued the same day.

On February 5, 2014, Defendants Prince George's Police Department and Prince George's Corrections Department filed a motion to dismiss for failure to state a claim. (ECF No. 12). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff the next day, notifying him that a dispositive motion had been filed and that he was entitled to file opposition material or risk entry of judgment against him. (ECF No. 20). Plaintiff has not filed

---

[2] Publicly available records reflect that Plaintiff was charged with failure to obey a lawful order and disorderly conduct and that both charges were placed on a stet docket on November 18, 2013.

an opposition to this motion.   On February 11, 2014, Defendants
Perret and Rustin filed a motion to dismiss for failure to serve
properly.   (ECF No. 16).   A *Roseboro* letter was mailed to
Plaintiff the same day.   (ECF No. 17).   Plaintiff filed an
opposition to this motion to dismiss on February 25.   (ECF No.
18).

## II.  Analysis

### A.   Police and Corrections Departments' Motion

The Departmental Defendants contend that they are not legal
entities capable of being sued.   Fed.R.Civ.P. 17(b)(2) states
that a corporation's capacity to be sued is determined by the
law under which it was organized.   Pursuant to state law, Prince
George's County Charter mandates that the corporate name of the
County is "Prince George's County, Maryland," and that the
County shall be designated as such in all actions and
proceedings touching its liabilities and duties.   Prince
George's County Charter § 103.   Consequently, according to the
Departmental Defendants, there is no legal entity designated as
the "Prince George's County Police Department" or the "Prince
George's Corrections Department" and Plaintiff's complaint must
be dismissed as to these two Defendants.

The Departmental Defendants are attempting to hold *pro se*
Plaintiff to a far too stringent standard.   *See Haines v.
Kerner*, 404 U.S. 519, 520 (1972) (a *pro se* complaint is held to

less stringent standards that formal pleadings drafted by lawyers).  While Departmental Defendants are correct that courts in Maryland have held that "[c]ounty police departments are agents of the State and should not be viewed as separate legal entities," *Hines v. French*, 157 Md.App. 536, 573 (2004), it would elevate needlessly form over substance to dismiss completely a claim because Plaintiff named the specific county entities that allegedly harmed him as opposed to the county itself.  All the cases Departmental Defendants cite involve situations where the plaintiff named the county department *in addition* to naming the county itself, thereby making those claims against the specific department superfluous.  *See LaPier v. Prince George's Cnty., Md.*, No. 10-CV-2851 AW, 2011 WL 4501372, at *3 (D.Md. Sept. 27, 2011); *Stewart v. Prince George's Cnty., Md.*, No. AW-01-302, 2001 WL 759890, at *3 (D.Md. May 23, 2001); *Hines*, 157 Md.App. at 573.  Departmental Defendants' motion will be denied and the claims against them will be construed as against Prince George's County, Maryland.

   **B.   The Officers' Motion**

   The Officer Defendants move to dismiss for improper service.  When a defendant moves to dismiss for improper service, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006).  "Generally, when service of

4

process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (*citing Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.3d at 1089.

Under Fed.R.Civ.P. 4, an individual may be served either in the manner prescribed by state law or by either (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion that resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(e)(2). Maryland law also provides, in addition to the methods described above, that service can be effected by mailing to the person the complaint and summons by certified mail, restricted delivery. Md. Rule 2-121(a).

Pursuant Standing Order 2012-01, which reflects a cooperative practice between the court and the Maryland Attorney General and various County Attorneys, a civil rights complaint

filed by a prisoner is sent to the relevant attorney for service:

> In an effort to reduce the costs and improve and expedite the process by which service of process is obtained in civil rights actions brought by prisoners, this Court—in cooperation with the Maryland Attorney General, various County Attorneys, and private counsel representing police officers and corporate health care providers routinely involved in prisoner civil rights litigation—has devised a mechanism whereby counsel automatically accept service of process for, and enter an appearance on behalf of, those individuals and entities named in prisoner complaints.

Plaintiff in this case is not a prisoner, but, unfortunately, the clerk's office prepared official summonses using the County Attorney's name and address and sent them to Plaintiff for service.   Apparently the County Attorney is not willing, or able, to accept service on the individual officers in this case.   Accordingly, Plaintiff will have to provide addresses to be incorporated in new summonses to be prepared by the clerk and then served.   Service is quashed, but the complaint will not be dismissed.   The court will provide Plaintiff another opportunity to effect service, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff must submit completed summonses for Defendants Perrett and Rustin to the Clerk for signature and seal.   The Clerk will then return the signed summonses to Plaintiff for

service.   The required contents for a summons are set forth in Rule 4(a)(1); and the requirements for proving service are set forth in Rule 4(l).   As a courtesy, enclosed with Plaintiff's copy of this Memorandum Opinion and Order are blank summonses for Plaintiff to complete.   Plaintiff is advised that additional forms and instructions can be found on the court's website located at www.mdd.uscourts.gov.

**III. Conclusion**

   For the foregoing reasons, Defendants' motions to dismiss will be denied.   A separate order will follow.

                                        /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge