IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED ABUNAW                          :

            v.                           :   Civil Action No. DKC 13-2746

PRINCE GEORGE'S CORRECTIONS
DEPARTMENT, et al.                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion to dismiss filed by Defendant Prince George's County, Maryland ("the County").[1] (ECF No. 25). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I.  Background**

    **A.  Factual Background**

On September 12, 2013, Plaintiff was conducting a "business transaction" at a Wells Fargo bank located in Prince George's County. (ECF No. 1, at 2). According to Plaintiff, two police officers entered the bank and asked Plaintiff to follow them outside. Plaintiff alleges that he complied with the officers'

---

[1] As noted in the July 23, 2014 Memorandum Opinion and Order, Plaintiff's claims against named Defendants Prince George's Corrections Department and Prince George's Police Department will be construed as against Prince George's County, Maryland ("the County" or "Defendant"). (ECF Nos. 23 and 24).

request and once outside, the officers placed handcuffs on him "without telling [Plaintiff] that he was under arrest or why [Plaintiff] was being arrested." (*Id.* at 2-3). Plaintiff alleges that he was taunted by other officers while being taken to the police car and that he suffered injuries to his arms during this incident. (*Id.*).

Following his arrest, Plaintiff was transferred to an Upper Marlboro jail by Officer Laura Perret (ID No. 3663). (*Id.*). Plaintiff alleges that while at the jail, he continued to be taunted by police officers and was placed in a "dirty and filthy" cell. (*Id.* at 4). Plaintiff alleges that while in jail he requested water, but was never given any. (*Id.*). Plaintiff requested to use a phone to call his relatives, which he "understands is his right to do," but was told that the phones were not working. (*Id.*). Plaintiff alleges that after being told this, he saw other inmates using the same phones to which he was denied access. (*Id.* at 4-5). After spending several hours in a jail cell, Plaintiff was taken to see the Commissioner; Plaintiff was given forms to sign as a condition of his release and was eventually released. (*Id.* at 5).

  **B. Procedural Background**

On September 17, 2013, Plaintiff, proceeding *pro se*, filed this action against Prince George's Corrections Department and Prince George's Police Department. (ECF No. 1, at 1). On

2

September 20, 2013, an order was issued notifying Plaintiff that his complaint did "not name a proper Defendant" and instructing Plaintiff to identify the individual actors who were responsible for violating his civil rights.  (ECF No. 2).[2]  Plaintiff subsequently filed an "Amended Complaint," naming as individual defendants his arresting officers, Officer Perret (ID: 3663) and Officer Rustin (ID: 3578).  (ECF No. 3).

Defendant Officers Perret and Rustin moved to dismiss Plaintiff's complaint for lack of personal jurisdiction and insufficient service of process on February 11, 2014.  (ECF No. 16).  Due to his improper service, Plaintiff was ordered to re-effect service of process on Defendants Perrett and Rustin.  (ECF No. 24).  Plaintiff failed to effect service promptly on these Defendants, which resulted in the issuance of another order on August 27, 2014, instructing Plaintiff to complete summonses for Defendants Perret and Rustin within fourteen days and warning him that a failure to do so would result in dismissal of these Defendants.  (ECF No. 28).  Plaintiff failed to comply with this order, and on October 2, 2014, Plaintiff's claims against Defendants Perret and Rustin were dismissed.

---

[2] Plaintiff was also notified in this order that "[n]otwithstanding proof of a civil rights violation by a municipal employee, a claim of municipal liability must show that any constitutional violations were proximately caused by a policy, custom, or practice of the municipality" and that his Complaint did not set forth "facts upon which a claim of municipal liability may be imposed." (ECF No. 2, at 1 n.1).

(ECF No. 30). Accordingly, the County is the only remaining Defendant in this suit.

Plaintiff's complaint contains a 42 U.S.C. § 1983 claim alleging various civil rights violations involving several different state actors in connection with his allegedly unlawful arrest on September 12, 2013. (ECF Nos. 1, at 2 and 1-1). First, Plaintiff alleges that his arresting officers never read him his Miranda rights. (*Id.* at 3). In addition, he states that the probable cause statement issued by Officer Perret "was full of lies" and led to "false criminal charges" being brought against him. (ECF No. 29, at 1). Plaintiff further alleges that he was falsely arrested as some sort of "preplanned" conspiracy in which the Commissioner was involved. (*Id.* at 4). Plaintiff also appears to be alleging that his treatment while in jail was cruel and inhumane. Lastly, Plaintiff alludes to the fact that there may have been "some level of coordination" between the police and his defense attorney, by stating that someone "asked that [Plaintiff] not be properly represented."[3] (*Id.* at 1, 3).

---

[3] Plaintiff was instructed in the court's September 20, 2013 order to provide a statement regarding the status of the criminal charges that resulted from his arrest as it was unclear whether the charges had been dismissed. (ECF No. 2). Plaintiff never provided such clarification. In his opposition, Plaintiff references a trial in connection with the charges brought against him, but his allegations do not clarify the final disposition of his criminal case in connection with his arrest

The County filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) on July 31, 2014. (ECF No. 25). Plaintiff opposed the motion on September 30, 2014. (ECF No. 29). In his opposition, Plaintiff also requests to amend his complaint to add as a defendant, "Commissioner Brian" (ID No. 5138), who presumably is a district court commissioner.

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

---

on September 12, 2013. (ECF No. 29, at 2). It appears, however, that the charges against him were dismissed in exchange for his acceptance of an "offer" to perform twenty-four hours of community service. (ECF No. 29, at 1).

At this stage, all well-pleaded allegations in a complaint must be considered as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Further, all factual allegations must be construed in the light most favorable to the plaintiff. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (internal citations omitted). While courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Errivares v. Transp. Sec. Admin.*, No. DKC 09-1138, 2010 WL 610774 (D.Md. Feb. 17, 2010). Legal conclusions couched as factual allegations are insufficient, as are conclusory factual allegations devoid of any reference to actual events. *Iqbal*, 556 U.S. at 678.

**III. Analysis**

   **A.   Defendant's Motion to Dismiss**

Plaintiff has alleged multiple violations of his civil rights by various state and county actors.[4] The only remaining Defendant in this suit, however, is the County. The County has

---

[4] For example, Plaintiff makes allegations against individual officers and the commissioner. He has also made allegations against his defense attorney. None of these individuals are named as individual defendants in this suit, however, and Plaintiff cannot state a claim against an absent party.

moved to dismiss the complaint on the basis that it fails to state a proper claim pursuant to the standard for municipal liability set forth in *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

Under the *Monell* standard, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). Municipalities are not liable under respondeat superior principles for the constitutional violations of their employees simply because of the employment relationship. *Monell*, 436 U.S. at 692-94. "Liability arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News,* 743 F.2d 227, 229 (4th Cir. 1984), *citing Monell,* 436 U.S. at 694; *see also Simms ex rel. Simms v. Hardesty*, 303 F.Supp.2d 656, 671 (D.Md. 2003) (noting that under the *Monell* standard, "[t]here must be a causal nexus between the plaintiff's injury and the municipality's alleged policy or custom"). The avenues through which Plaintiff may attempt to establish municipal liability were aptly described by Judge Wilkinson in *Lytle v. Doyle,* 326 F.3d 463, 471 (4th Cir. 2003):

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a

> written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Defendant contends that Plaintiff does not allege any unconstitutional practice or custom on the part of the County, or that any such practice or custom contributed to his alleged injuries; rather, Defendant asserts that Plaintiff attempts to hold the County liable based on various alleged unconstitutional acts of its employees.  Defendant argues that Plaintiff's allegations against these individuals do not meet the *Monell* standard for stating a municipal liability claim against the County.

In Plaintiff's opposition, he makes additional arguments as to why his constitutional rights were violated.  He cites the *Monell* standard, specifically, he argues that "[a] local government may be held liable under Section 1983 if someone's federal rights are violated by a local government board or a public servant given decision-making authority under state or local law[.]"  (ECF No. 29, at 3).  He also requests to amend his complaint to add Commissioner Brian as a defendant, because the Commissioner is a "public servant given decision making authority." (*Id.* at 4).

Although Plaintiff purports to allege various civil rights violations springing from his arrest on September 12, 2013, including purported violations of his Fourth, Fifth, and Eighth Amendment rights, his allegations fail to point to any policy or custom on the part of the County that would create municipal liability. Plaintiff contends that the Commissioner is a "public servant given decision-making authority," but he fails to assert that the Commissioner implemented a policy or custom which contributed to Plaintiff's alleged constitutional deprivations.[5] Moreover, taking as true Plaintiff's allegations that multiple violations of his constitutional rights occurred on September 12, 2013, his assertions do not suggest that these violations were "persistent and widespread" practices by the County in order to establish an unofficial custom or policy. *Monell*, 436 U.S. at 691. Indeed, Plaintiff's allegations are confined to this single incident related to his arrest. Accordingly, Plaintiff has not alleged any facts to establish a plausible § 1983 claim against the County.

---

[5] "When a final decision by an employee implements municipal policy, then municipal liability may follow. But if a final decision does not implement municipal policy . . . then it is not imputable to the municipality." *Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 965 (4th Cir. 1995).

B.  **Plaintiff's Motion to Amend His Complaint**

Plaintiff also requests that he be given leave to amend his complaint to add as a Defendant "[C]ommissioner Brian ID: 5138." (ECF No. 29, at 1).  Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it; or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  The court should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted); *Keller v. Prince George's Cnty.,* 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because such amendment would be futile). "An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."  *El-Amin v. Blom,* No. CCB-11-3424, 2012

10

WL 2604213, at *11 (D.Md. July 5, 2012) (internal citations and quotation marks omitted).

Plaintiff's motion to amend his complaint to add Commissioner Brian as a defendant will be denied because it is frivolous. Plaintiff's allegation that the Commissioner was involved in some sort of conspiracy against him is merely speculation without factual support and is not sufficient to support a plausible conspiracy claim. *See Hill v. Brush Engineered Materials, Inc.,* 383 F.Supp.2d 814, 824 (D.Md. 2005) (describing the elements necessary to plead a conspiracy claim and noting that in Maryland a civil conspiracy requires "a clear agreement" between two or more persons because "[i]ndpendent acts of two wrongdoers do not make a conspiracy") (alteration in original). Moreover, based on Plaintiff's assertions, it is likely that any actions by the Commissioner that impacted Plaintiff were judicial acts that would be subject to absolute judicial immunity. *See Rice v. Dunn*, 81 Md.App. 510, 517 (1990) (finding that "District Court Commissioners are judicial officers and are absolutely immune from civil liability for judicial acts performed within their jurisdiction"), *abrogated on other grounds by D'Aoust v. Diamond,* 424 Md. 549, 600 (2012) (rejecting the three-part test applied in *Rice* in favor of a two-part test for determining whether an individual is subject to absolute judicial immunity that considers whether "(1) the

11

act performed was by a judicial officer; and (2) the act was a judicial act").

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Prince George's County, Maryland will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
